IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **DEBORAH LAUFER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cv-3042 |
| | ) |
| **LUCI-GENE INC. d/b/a** | ) |
| **STONEY CREEK INN** | ) |
| **A Domestic Corporation,** | ) |
| | ) |
| Defendant. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This case is before the Court on Defendant Luci-Gene Inc.'s Motion for Stay of Proceedings (d/e 11).  For the reasons that follow, the motion is GRANTED.

When deciding whether to grant a stay, the court must consider three factors: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court."  Pfizer, Inc. v. Apotex, Inc., 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (citation omitted).  The burden is on the

party seeking the stay to "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else." Landis, 299 U.S. at 255.

Defendant seeks a stay pending the outcome of the appeal before the United States Court of Appeals for the Seventh Circuit in Laufer v. Rasmus, Appeal No. 21-1360.  That appeal originates from two cases pending in the United States District Court for the Western District of Wisconsin – Deborah Laufer v. Michael Rasmus, Case No. 20-cv-680 (W.D. Wisc.) and Deborah Laufer v. Carrier Accommodations, LLC, Case No. 20-cv-799 (W.D. Wisc.).  In those cases, as well as Laufer's other cases pending in the Western District of Wisconsin, they were stayed, and the district court certified the question whether Laufer has standing to purse her claims.  The issues on appeal are:

> 1. Does Plaintiff-Appellee Deborah Laufer's status as an alleged ADA tester visiting hotel websites to judge their compliance under the ADA's implementing regulations sufficiently meet the requirement of having suffered an injury-in-fact that is both concrete-and-particularized and actual-and-imminent to convey Article III standing?
> 2. Are Plaintiff-Appellee Deborah Laufer's allegations sufficient to support a "real and immediate threat" of

future injury to convey Article III standing to address her request for injunctive relief?

Defendant's Exhibit 8, d/e 11-8, p. 13. The Seventh Circuit held oral arguments on October 29, 2021.

The Court finds that a stay pending the decision in <u>Laufer v. Rasmus</u>, Appeal No. 21-1360, will not unduly prejudice or tactically disadvantage Plaintiff. The appeal will provide clarity and guidance on significant issues in this case considering the appellate decision may affect Plaintiff's standing to bring this suit. Lack of standing would decrease the parties' and the Court's time spent on this case. Moreover, the Court does not anticipate a significant stay as the Seventh Circuit has already heard arguments on the case.

Therefore, Defendant's Motion for Stay of Proceedings (d/e 11) is GRANTED. This case is STAYED pending the decision of the United States Court of Appeals for the Seventh Circuit in <u>Laufer v. Rasmus</u>, Appeal No. 21-1360. Plaintiff's Motion to File Supplemental Complaint (d/e 12) is DENIED with leave to refile.

**ENTER: November 2, 2021**
**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**